

Signed and Filed: November 19, 2013

_____
THOMAS E. CARLSON U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
In re                          )   Case No. 12-10389 AJ
                               )
JAMES D. CROMBIE and           )   Chapter 7
LYNETTE T. NGUYEN,             )
                               )
                               )
              Debtors.         )
_____)
STEVEN LAMAR,                  )   Adv. Proc. No. 12-03080 TC
                               )
              Plaintiff,       )
                               )
     vs.                       )
                               )
JAMES D. CROMBIE,              )
                               )
              Defendant.       )
_____)
```

**MEMORANDUM RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On November 18, 2013, the court held a hearing on Plaintiff's motion for summary judgment (the Motion). James S. Smith appeared for Plaintiff. Defendant appeared *in pro per*. Upon due consideration, and for the reasons stated below, the court determines that the Motion should be granted.

Defendant did not file written objection to the Motion or submit declarations controverting the declarations submitted by Plaintiff. Defendant argued only that the Motion had not been

MEMORANDUM RE PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT      -1-

served properly and that the action was untimely.

The Motion was properly served upon Defendant. Defendant answered the complaint without asserting improper service of process. Service of the Motion is therefore governed by Rule 7005. I determine that this service was proper under Rule 5(b)(2)(E), which authorizes service by electronic means on a party that has consented to such service in writing. Defendant filed a motion requesting permission to be an ECF participant (the ECF Request), because he did not have a physical address at which he could be served by mail. In response, the court entered an order specifying that Defendant could be served at the email address shown on his papers (the ECF Order). The court construes the ECF Request as written consent to be served electronically. The Motion was served on the email address specified in the ECF Order.

The action was timely filed. The deadline under Rule 4007(c) for filing section 523 actions was May 14, 2012 (60 days after March 15, 2012, the first date set for the meeting of creditors). The action was filed on May 14, 2012.

The Motion is supported by declarations that establish that Plaintiff is entitled to the relief sought in the action. Plaintiff obtained a judgment against Defendant in the Marin County Superior Court in the amount of $300,000 plus interest and fees, arising out of Plaintiff's investment in an LLC controlled by Defendant. In the present action, Plaintiff seeks a determination that the debt embodied in that judgment is excepted from Defendant's discharge under section 523(a)(2). Plaintiff's declaration states that he invested $300,000 in the LLC, that he was induced to invest in the LLC by Defendant's representation that

**MEMORANDUM RE PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**   -2-

1 $250,000 of the investment would be used to buy out the interest of
2 another investor, that the $250,000 was instead used the very next
3 day to pay a debt that had not been disclosed to Plaintiff, that
4 Plaintiff relied upon Defendant's representation and would not have
5 made the investment had he known that the invested funds would not
6 be used as represented by Defendant, and that the invested funds
7 were never returned to Plaintiff. I infer from the facts set forth
8 in Plaintiff's uncontroverted declaration that Plaintiff's reliance
9 was justifiable and that Defendant intentionally misrepresented the
10 use to which the funds would be put.

**\*\*END OF MEMORANDUM\*\***